HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN M HATFIELD WINGENDER,<br><br>        Plaintiff,<br><br>   v.<br><br>FNMA, et al.,<br><br>        Defendants. | CASE NO. C16-5016 RBL<br><br>ORDER DENYING IFP APPLICATION<br><br>[Dkt. #1] |

THIA MATTER is before the court on Plaintiff Wingender's Motion to *proceed in forma pauperis*, supported by a proposed complaint. [Dkt. #1]  The handwritten complaint is difficult to read, but it appears that Plaintiff Wingender complains about how the state court handled her divorce, how it calculated her share of the community assets, and how her husband performed his obligations arising out of the state court proceedings.  The "emergency" portion of her complaint asks this court to "Stay" the state court's "FRAUD RIDDEN, Prejudiced civil rights violations and harassment decision and Judgment for writ of restitution issued on 12-18 and -23, 2015." [Dtk. #1-1 at 1].  She claims that she has been denied justice in the Thurston County court for 6 .5 years (which presumably includes the recent unlawful detainer case  and the underlying dissolution proceeding).

1       Various Thurston County Court Orders appear to be attached to the complaint—a

2 December 24, 2015 Order Denying Wingender's Motion for a Stay in *FNMA v. Wingender*,

3 Thurston County Superior Court Cause No. 15-2-00562-3, [Dtk. 1-1 at 6]; a December 18, 2015

4 "Judgment for Writ of Restitution" in the same case, finding Wingender to be in unlawful

5 detainer of the subject property, [Dkt. #1-1 at 7-9]; and a third, prior Order in that same case

6 relating to service of process [Dkt. #1-1 at 10].

7       A district court may permit indigent litigants to proceed *in forma pauperis* upon

8 completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad

9 discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

10 actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th

11 Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

12 *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

13 action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

14 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

15 complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.*

16 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

17 1984).

18       A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

19 must nevertheless contain factual assertions sufficient to support a facially plausible claim for

20 relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

21 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A

22 claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

23

24

1 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2 *Iqbal*, 556 U.S. at 678.

3       The Court finds that Wingender has met the showing indigency.  But her proposed
4 complaint is not viable under this standard.  As an initial matter, there is no demonstration that
5 this Court has subject matter jurisdiction over the case.  This Court cannot and will not review or
6 reverse decisions made in state court proceedings.  The *Rooker-Feldman* doctrine precludes
7 "cases brought by state-court losers complaining of injuries caused by state-court judgments . . .
8 and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*
9 *Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005).

10       [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as
11 legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set
12 aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341
13 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

14       Furthermore, the Complaint repeatedly accuses various persons and courts of "fraud,"
15 "discrimination" and "abuse" but there are no factual statements from which such a claim could
16 reasonably be inferred.  The Motion to proceed *in forma pauperis* is therefore DENIED.
17 Plaintiff shall pay the filing fee or file an amended complaint addressing these deficiencies
18 within 30 days, or the case will be **dismissed**.

19       Any proposed amended complaint should spell out the "who what when where and why"
20 of her claims, identify the parties and their relationships to each other. It should explain what and
21 when each defendant did that is actionable in this court, including a description of why this court
22 has jurisdiction over the dispute and the parties, and describe both the actual relief she seeks and
23 the legal basis for it.

24

1 . The complaint does not have to be typed, but the writing must be legible. And, again, fundamentally, this court cannot review, revise, or reverse the state court's decisions. That is the role of the State Court of Appeals.

IT IS SO ORDERED.

Dated this 8th day of January, 2016.

_____

Ronald B. Leighton
United States District Judge